# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

CHRISTOPHER SCHOENER,       )
                            )
    Movant,               )          CV418-008
                            )
v.                          )          CR416-313
                            )
UNITED STATES OF AMERICA,   )
                            )
    Respondent.           )

## REPORT AND RECOMMENDATION

Following his guilty plea for possession of ammunition as a felon, doc. 31 (plea agreement), the Court sentenced Christopher Schoener to 33 months' imprisonment, at the low end of the applicable advisory imprisonment range of 33-41 months under the Sentencing Guidelines. *See* doc. 34 (sentencing memorandum); doc. 35 (sentencing hearing minutes); doc. 37 (judgment). He took no appeal but now seeks to "correct" his Presentence Investigative Report (PSR) labeling him a "sex offender, even though I am not one, nor have never been convicted as one." Doc. 38 at 1.

After providing Schoener with the warnings required by *Castro v. United States*, 540 U.S. 375, 383 (2003), the Court recharacterized his

motion as a 28 U.S.C. § 2255 motion to correct his sentence.[1] Doc. 39; *see also* doc. 40 (Schoener's amended § 2255 motion). Movant elected to proceed with his § 2255 motion, arguing that the PSR was incorrect and that his sentencing level and "threat assessment" have been improperly increased as a result of that error. Doc. 40 at 4-5; *see also* doc. 38 at 1-2 (complaining that he is being labeled a "sex offender," and the categorization "will make it difficult for me to go home to [a] halfway house."). Preliminary § 2255 Rule 4 review shows that his motion must be **DENIED**.

Schoener cites a "crime" he was "never convicted of that occurred on 12/112/1994, in Cobb County, Marieta Ga. Case # 95-9-00628-22" as erroneously appearing on his PSR. Doc. 40 at 5. But the oldest listed "adult criminal conviction" on movant's PSR is a 1997 conviction for theft, for which he was assigned no criminal history points. PSR at ¶ 26. There are no earlier, juvenile convictions on his PSR. *See* PSR at

---

[1] Whenever a prisoner's filing is deemed to be a § 2255 motion in disguise, "the district court must notify the pro se litigant that it intends to recharacterize the pleading [as a § 2255 motion], warn the litigant that this recharacterization means that any subsequent § 2255 motion will be subject to the restrictions on 'second or successive' motions, and provide the litigant an opportunity to withdraw the motion or to amend it so that it contains all the § 2255 claims he believes he has." *See Pena v. United States*, 2016 WL 6609223 at * 1 (S.D. Ga. Sept. 28, 2016).

¶ 25.   It is unclear where Schoener turned up the 1994 conviction as affecting his sentence, as it is nowhere mentioned in the PSR.

As to the 2005 New York child endangerment conviction, counsel argued in his sentencing memorandum that the facts of the plea and conviction should be considered in reducing his overall criminal history points. Doc. 34 at 1-2. With the charge counted, Schoener would have been placed in criminal history category IV. *Id.* With the charge discounted, he would be placed in criminal history category III. *Id.* The PSR itself counts *no* points for the child endangerment conviction, *see* PSR at ¶ 33, and at sentencing the Court assessed Schoener as falling in criminal history category III. Doc. 35 (sentencing hearing minutes). The sentencing guidelines recommended a sentence of 33-41 months, and the Court sentenced Schoener to 33 months' imprisonment, at the lowest end of that range. *Id.* & doc. 37 (judgment).

To the extent Schoener wants the Court to reconsider the PSR's inclusion of his child endangerment conviction, the argument is either moot (because it did not count for a single criminal history point) or not cognizable in a § 2255 motion. *United States v. McCray*, 567 F. App'x 859, 860 (11th Cir. 2014) (a defendant cannot challenge the accuracy of

his presentencing investigation report for the first time in a collateral attack); *Simmons v. United States*, 777 F.2d 660 (11th Cir.1985) (failure to raise objections as to PSR's inaccuracy at sentencing hearing bars raising such objections in a § 2255 motion).[2] He has no claim here.

In sum, Christopher Schoener's § 2255 motion should be **DENIED**. Applying the Certificate of Appealability (COA) standards set forth in *Brown v. United States*, 2009 WL 307872 at * 1-2 (S.D. Ga. Feb. 9, 2009),

---

[2]   To the extent Schoener instead seeks review of the Bureau of Prison's (BOP) treatment of his child endangerment conviction (or some other crime not reflected in the PSR), *see* doc. 38 at 1-2 (discussing the conviction's negative impact on his candidacy for halfway-house placement), § 2255 offers him no succor. That section only applies to challenge the propriety of the federal conviction or sentence itself (*i.e.*, whether he was misled when he pleaded guilty or whether the sentence violated the plea bargain). Instead, he must proceed under 28 U.S.C. § 2241, which asks whether his federal sentence has been properly executed. And his failure to exhaust his administrative remedies prior to coming to this Court strips it of jurisdiction to hear his petition under § 2241. *See, e.g., Edilberto v. United States*, 2006 WL 2474101 (S.D. Ga. Aug. 24, 2006) (movant's arguments that his alienage prevented from qualifying for, among other things, halfway house placement was cognizable only as a § 2241 motion, for which he must first exhaust his administrative remedies) (citing *Skinner v. Wiley*, 355 F.3d 1293, 1295 (11th Cir. 2004); *Gonzalez v. United States*, 959 F.2d 211, 212 (11th Cir. 1992)).

Even had he exhausted, this Court lacks jurisdiction to reach the merits of any § 2241 motion. *Fernandez v. United States*, 941 F.2d 1488, 1495 (11th Cir. 1991) ("Section 2241 petitions may be brought only in the district court for the district in which the inmate is incarcerated."); *see* 28 U.S.C. § 2241(a) (district courts limited to granting habeas relief "within their respective jurisdictions"); *Rumsfeld v. Padilla*, 542 U.S. 426, 443, 124 S.Ct. 2711, 159 L.Ed.2d 513 (2004) ("The plain language of the [28 U.S.C. § 2241] habeas statute . . . confirms the general rule that for core habeas petitions challenging present physical confinement, jurisdiction lies in only one district: the district of confinement."). If indeed Schoener seeks review of the BOP's execution of his sentence, after exhausting his administrative remedies he must file his motion in the District of South Carolina, the district of his incarceration.

the Court discerns no COA-worthy issues at this stage of the litigation, so no COA should issue either. 28 U.S.C. § 2253(c)(1); Rule 11(a) of the Rules Governing Habeas Corpus Cases Under 28 U.S.C. § 2254 ("The district court *must* issue or deny a certificate of appealability when it enters a final order adverse to the applicant") (emphasis added).

This Report and Recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations." Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonett v. V.A. Leasing Corp.*,

648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO REPORTED AND RECOMMENDED,** this  31st  day of January, 2018.

_____
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

6